UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

GARYSON FORD,

                               Plaintiff,                    NOT FOR PUBLICATION

                                v.                        **MEMORANDUM & ORDER**
                                                                       16-CV-2627 (MKB)

UNITED STATES AIR FORCE,

                               Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Garyson Ford, proceeding *pro se*, brings the above-captioned action against Defendant United States Air Force, asserting that the Court has jurisdiction over this action pursuant to 18 U.S.C. § 242 and 42 U.S.C. § 1983. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court dismisses the Complaint. Plaintiff is granted thirty (30) days to submit an amended complaint.

**I. Background**

The facts as set forth in the Complaint are accepted as true for the purposes of this Memorandum and Order. Plaintiff states that he is an honorably discharged veteran and that he was instructed to send a form called the N-426 to verify [his] military record.[1] (Compl. 1,[2]

---

[1] The N-426 is a Request for Certification of Military or Naval Service. Completion and certification of this request by the applicant and certifying official will serve as an authenticated certification of military service. Persons who are serving or have served honorably in the armed forces of the United States are granted certain exemptions from the general requirements of naturalization. (Compl. 8–9.)

[2] Because the Complaint is not consecutively paginated, the Court's citations refer to the page number assigned by the Electronic Document Filing System.

Docket Entry No. 1.) By letter dated November 17, 2015, the Department of the Air Force informed Plaintiff that his Form N-426 request for certification of military service was disapproved because it was not complete. (Ltr. from the Department of the Air Force dated November 17, 2015, annexed to Compl. at 10.) It appears that Plaintiff subsequently completed the N-426 form and, to date, has not received a certified copy of his military record.

In 2008, Plaintiff brought a prior action against the Department of Defense and other defendants (the "2008 Action"). *See Ford v. Dept. of Defense et al.*, No. 08-CV-5150 (E.D.N.Y. Dec. 15, 2008) (asserting claims against the General Counsel of the Department of Defense, Secretary of Veterans Affairs, Undersecretary for Health, Michael J. Kussman, the Social Security Administration, Secretary of the United States Air Force and Michael Donnelly). In the 2008 Action, Plaintiff sought to correct his date of birth in his military records. Compl. at 1, *Ford*, No. 08-CV-5150. According to a Stipulation and Order of Dismissal dated May 4, 2009 (the "Stipulation and Order"), Plaintiff received a DD-215 with his correct date of birth. Stipulation and Order, *Ford*, No. 08-CV-5150.

According to Plaintiff, despite the corrected information, he continues to receive letters from Andrews Air Force base stating that they cannot assist him or that his N-426 application needs additional information. (Compl. 1.) In addition, Plaintiff alleges that although he sent a certified letter to Andrews Air Force base, which was received on March 16, 2016, he has not heard from the base and no one answers the telephone, although he has called many times. (*Id.*) Plaintiff alleges that he is legally blind and asserts that he "feel[s] this is a clear violation of [his] civil rights." (*Id.*) Plaintiff seeks to have his N-426 certified and seeks monetary damages in the amount of $500,000.

II. **Discussion**

    a. **Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

    a. **18 U.S.C. § 242**

Plaintiff appears to assert claims pursuant to 18 U.S.C. § 242. (Compl. 1.) Section 242 is part of the United States criminal code and provides no right for private persons to institute criminal prosecution. *See Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (stating that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); *Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427 (2d Cir. 2011) ("[T]here is no private right of

action under [18 U.S.C.] § 242 . . . ."); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (affirming dismissal of plaintiff's claim under 18 U.S.C. § 242 because this "criminal statute[] . . . do[es] not provide [a] private cause[] of action"). The Court dismisses Plaintiff's claims under 18 U.S.C. § 242 for failure to state a claim.

    **b.   Section 1983**

Plaintiff also identifies section 1983 as a basis for his claims. (Compl. 1.) To state a claim for relief under section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). However, section 1983 applies to state actors, not federal officials. *Nghiem v. U.S. Dep't of Veterans Affairs*, 323 F. App'x 16, 18 (2d Cir. 2009) (stating that section 1983 claims were "properly dismissed . . . because the statute[] applies only to state actors, and not federal officials"); *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 (2d Cir. 1991) (claims brought pursuant to § 1983 do not apply to actions against the federal government).

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), permits recovery for some constitutional violations by federal agents, even in the absence of a statute conferring such a right. *Bivens*, 403 U.S. at 388 (creating cause of action for violations of the Constitution by persons acting under the color of federal law); *see Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 66 (2001) ("In *Bivens* . . . we recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."); *Vasquez v. Klie*, No. 03-CV-3905, 2012 WL 1107306, at *5 (S.D.N.Y. Mar. 30, 2012) ("Under *Bivens* and its progeny, federal courts can hear suits for money damages

4

against federal government officials accused of violating constitutional rights."), *aff'd*, 2013 WL 850236 (2d Cir. Mar. 8, 2013). Under *Bivens*, a plaintiff's claims generally must be brought against the individuals personally responsible for the alleged deprivation of his constitutional rights. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-486 (1994) (holding that a *Bivens*-type damages action is not available directly against agencies of the federal government). A plaintiff seeking to recover money damages "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 678.

Here, Plaintiff names the United States Air Force as Defendant. Because Defendant is a federal government agency, Plaintiff cannot bring a section 1983 cause of action against Defendant. Therefore, Plaintiff's section 1983 action against Defendant is dismissed.

    c. **Leave to amend**

Any claim that Plaintiff seeks to assert under *Bivens* is dismissed without prejudice. Should Plaintiff wish to pursue a claim for monetary damages for constitutional violations by agents of the United States Air Force, Plaintiff is granted thirty (30) days to file an amended complaint in accordance with this Memorandum and Order. Pursuant to *Bivens*, Plaintiff should name as defendants the individual officers who Plaintiff alleges have violated his rights. In addition, the Complaint alleges that Plaintiff was directed to obtain the N-426 form to verify his military record. If Plaintiff seeks this form as part of the naturalization process, Plaintiff should inform the Court what steps he has taken in the naturalization process and if he is seeking to compel a federal agency to take action on his N-426 application.

The Court also notes that, in Plaintiff's prior action against the Department of Defense and related defendants, Plaintiff's date of birth was corrected on his military records. (Compl.

1.)  By agreeing to dismiss the claims in that action with prejudice, Plaintiff agreed not to initiate any further action against those defendants for the same cause of action, or for any other cause of action arising out of the incidents or circumstances that gave rise to that action.  Stipulation and Order 1, *Ford*, No. 08-CV-5150.  Although Plaintiff alleges that the instant action is connected to his prior action, the connection is unclear to the Court.  While Plaintiff did not sue the United State Air Force or any of its employees in the 2008 Action, to the extent that the instant action arose out of the incidents or circumstances that gave rise to the 2008 Action, this action may be barred by the Stipulation.  In any amended complaint, Plaintiff should explain the connection between the 2008 Action, No. 08-CV-5150, and the instant action and address why the prior Stipulation does not bar his present action.

The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order.  If Plaintiff fails to amend the Complaint within thirty (30) days as directed by this Memorandum and Order, the Court shall dismiss this action.

## III. Conclusion

For the foregoing reasons, the Complaint is dismissed. Plaintiff is granted thirty (30) days to file an amended complaint in accordance with this Memorandum and Order. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: June 28, 2016
      Brooklyn, New York